```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

i3ARCHIVE, INC., et al.      :    CIVIL ACTION
                             :
          v.                 :
                             :
INSITE ONE, INC.             :    NO. 06-4286
```

ORDER

AND NOW, this 26th day of February, 2008, upon consideration of plaintiffs' motion to compel defendant to comply with plaintiffs' requests for production of documents and to provide substantive responses to their interrogatories (Docket No. 86), and the defendant's opposition thereto, IT IS HEREBY ORDERED that said motion is DENIED without prejudice.  IT IS FURTHER ORDERED that the parties shall confer on the issues described below to attempt to resolve the outstanding disputes.  The Court will conduct a telephone conference on the record on March 14, 2008, at 1:30 P.M., to review with the parties their success in negotiating a resolution of the discovery disputes that are described in this motion.  The Court will initiate the call.

As an initial matter, the plaintiffs have not given the Court any basis to do an in camera review of all documents that have not been produced on the ground of privilege.  Each party, however, should have produced to the other side a privilege log

for any documents that are withheld on the ground of privilege. If that has not been done, the parties should do so immediately.

The parties shall attempt to agree on a plan for the production of electronic discovery.  As the Court understands it, the defendant has produced all or nearly all hard copy documents responsive to production numbers 1-68, 70 and 72.  The dispute centers around electronic documents.  The parties shall attempt to negotiate this out prior to the telephone conference.  The motion is denied with respect to document request number 71.  The defendant has represented that the expert who appeared at the Rule 30(b)(6) deposition is a non-testifying consultant.  Under Federal Rule of Civil Procedure 26(b)(4)(B), a party may obtain discovery concerning a non-testifying expert only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."  The plaintiffs have not satisfied this burden.

The motion with respect to interrogatories numbers 1 and 3 is denied as moot for the same reason that the plaintiffs' motion to compel a supplemental infringement claim chart was denied as moot. With respect to interrogatory number 9, the

Court denies that without prejudice.  The Court will discuss this issue with counsel during the telephone conference.

                              BY THE COURT:

                              /s/ Mary A. McLaughlin_
                              MARY A. McLAUGHLIN, J.